WILLIAM E. WHITTIER, APPELLEE, V. LORRIN J. RILEY, APPELLANT.

FILED JUNE 23, 1916. No. 18884.

Replevin: RIGHT OF ACTION. Where a contract of sale of a stock of merchandise provides that the seller shall retain possession of the stock until he has been paid from the sales thereof all above a stated sum, and that the purchaser shall take charge of and manage the business and out of the proceeds retain a sufficient sum to pay the actual running expenses of the business, and the profits on stock sold, over and above the invoice price plus 8 per cent. for freight, and the parties both enter into possession of the stock and business under such agreement, each party will be held to be in possession of the entire stock, jointly with the other, but for different purposes, the purchaser for the purpose of conducting the business and the seller for the purpose of protecting his security by taking the money received from sales under the terms of the contract until the stock has been reduced to the amount of the purchaser's stipulated interest; and replevin will not lie at the suit of either to disturb the possession of the other.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Reversed and dismissed.*

*Hoagland & Hoagland* and *E. A. Cook,* for appellant.

*George C. Gillan* and *Munson & Munson,* contra.

FAWCETT, J.

Plaintiff commenced this action in replevin in the district court for Dawson county, to recover possession of a stock of hardware and farm implements, then in the possession of defendant. Plaintiff prevailed, and defendant appeals.

On February 25, 1913, plaintiff and defendant entered into a written contract, by the terms of which defendant agreed to convey to plaintiff a tract of land in Phillips county, Colorado, for an agreed consideration of $6,250, in addition to a trust deed, standing against the land, in

the sum of $3,750, which plaintiff assumed and agreed to pay. Plaintiff, in exchange for defendant's equity in the land, agreed to sell and transfer to defendant a stock of hardware, implements, etc., situated in two certain buildings in the city of Gothenburg, in this state. Defendant was to take the stock at wholesale cost plus 8 per cent. to be added for freight, and was also to take the fixtures at cost of the same to plaintiff. The contract recited that it was known to the parties that the stock would invoice more than $6,250, and provided that plaintiff should keep and retain possession of the stock until enough had been sold to reduce the same, together with the fixtures, to $6,250; that plaintiff, in retaining the receipts from sales until the stock was reduced, should allow defendant, out of the receipts, a sufficient amount to pay the actual running expenses of the business. The profits on stock sold, over and above the invoice price plus 8 per cent., were to belong to defendant. The stock was to be reduced by May 10. It was not reduced by that date, and the time was extended to May 17. The stock not having been sufficiently reduced by the latter date, a controversy between the parties arose, and each attempted to lock the other out of the building. Defendant gained possession, and on August 28 was ousted by injunction, which was subsequently set aside and defendant restored to possession. September 8, 1913, plaintiff obtained exclusive possession under the writ in the present action. After the contract was entered into, an inventory of the stock was taken; whereupon defendant executed and delivered to plaintiff a deed to the Colorado land, and took the management and control of the business at Gothenburg. Upon the trial the district court, by request of the parties, construed the contract. The construction made by the court appears in the record. By that construction, the court found the transaction to be as above stated, and further found: "Riley (defendant) is in possession to manage and run the business. He bears the running expenses and the rent of the building. As consideration for the expenses and

rent, Riley gets the profit in all goods sold above invoice price and 8 per cent. added for freight. Whittier (plaintiff) is in possession of all the stock, as security for the difference between $6,250 and the invoice value of the stock."

The evidence sustains the construction of the court that defendant was in possession to manage the business; that he was to bear the running expenses and the rent of the building; and that plaintiff was in possession as security for the difference between $6,250 and the invoice value of the stock. It appears from the evidence that after the invoice was made defendant took charge of the business and thereafter conducted it in his name. The letter-heads and other stationery were in his name. New goods were purchased in his name and charged to his account. This being the status of the parties, could either maintain replevin against the other? We think not. Each party was in possession of the entire stock, jointly with the other, but for different purposes. Defendant was in possession for the purpose of conducting the business, and plaintiff for the purpose of protecting his security by taking the money received from sales, less the cost of conducting the business. Neither party had the right to disturb the possession of the other. Without pursuing the matter further, we think the court erred at the conclusion of the trial in not dismissing plaintiff's action, as it is clear, under the very wording of the contract itself, and still more so when taken in connection with the evidence, that if plaintiff is entitled to relief of any kind it is not by an action in replevin.

The judgment of the district court is reversed and plaintiff's action dismissed, all at plaintiff's costs.

REVERSED AND DISMISSED.

MORRISSEY, C. J., and SEDGWICK, J., not sitting.